# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| In re:<br><br>RICHARD M. MCCLINTOCK,<br><br>    Debtor. | Case No. 21-80883<br><br>Chapter 7 |
| JEANA K. REINBOLD SOLELY AS CHAPTER 7 TRUSTEE OF THE ESTATE OF RICHARD M. MCCLINTOCK,<br><br>    Plaintiff,<br><br>v.<br><br>RICHARD M. MCCLINTOCK,<br><br>    Defendant. | AP. No. |

## COMPLAINT

This is an action commenced by Jeana K. Reinbold, solely as Chapter 7 Trustee of the Estate of Richard M. McClintock ("TRUSTEE") seeking, pursuant to 11 U.S.C. § 727(a)(2) and/or 727(a)(4), an order denying the discharge of Richard M. McClintock ("DEBTOR").

## JURISDICTION AND VENUE

1. This adversary proceeding arises under and is related to the above-captioned chapter 7 case, currently pending in this district.

2. The court has jurisdiction over this adversary pursuant to 28 U.S.C. §§ 1334, 151, 157 and 11 U.S.C. § 727.

3. This proceeding is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(J).

4. Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1409.

## PARTIES

5. The Plaintiff, Jeana K. Reinbold, is the duly appointed, qualified and serving chapter 7 trustee in the above-referenced chapter 7 case.

6.  The Defendant, Richard M. McClintock, is the Debtor in the above-referenced bankruptcy case and is an individual last known to be residing at 200 E. 3rd Street, Apt. 1102, Davenport, IA 52801.

## COMMON FACTS

7.  On December 16, 2021, the DEBTOR filed a voluntary petition seeking relief under Chapter 13 of Title 11 of the United States Code ("Bankruptcy Case").

8.  The DEBTOR voluntarily converted his case to a proceeding under Chapter 7 on March 20, 2022.

9.  The TRUSTEE was appointed chapter 7 trustee of the Bankruptcy Case on March 20, 2022 and continues to serve as the trustee in the case.

10. In the original Statement of Financial Affairs filed in this case on December 16, 2021, the DEBTOR identified the following in answer to Question 27, asking about ownership in a business or any connections to a business:

Element Barber and Salon Inc.

KBR Real Estate Inc.

4.  In an amended Statement of Financial Affairs filed in this case on March 20, 2022, the DEBTOR identified the following in answer to Question 27:

Element Barber and Salon Inc.

KBR Real Estate Inc.

The University Club, QC

Reliance Capital, LLP

Good Property Management, Inc.

The Nine – Quad Cities Inc. dba Realty

McClintock Properties Inc.

McClintock Brother's Farms Incorporated

Decked Out, Inc.

5, The DEBTOR also filed a further amended Statement of Financial Affairs on September 24, 2022 disclosing his interest in MCBY Holdings, LLC.

6. At the time of the filing of the Bankruptcy Case, the DEBTOR was also the owner of 52.35 shares in a corporation known as Curb Appeal QC, Inc. ("STOCK"). The DEBTOR did not disclose his interest in STOCK in any of his Statement of Financial Affairs filed in this case, or in answer to Question 19 of the Schedule AB filed in this case. Upon information and belief, the DEBTOR also held interests more businesses than the TRUSTEE has been fully able to identify.

7. On or about March 3, 2022, the DEBTOR sold his shares of the STOCK back to other shareholders of Curb Appeal QC, Inc. for $18,000, as further described in Exhibit A.

8. Upon information and belief, the DEBTOR had an ownership interest in several campers within 2 years of filing ("CAMPERS"), including but not limited to a 2013 Sunnybrook Camper, 5th Wheel Camper, and a camper he purchased in the summer of 2022. No transfers or continuing interest in any CAMPERS are identified in his Statement of Financial Affairs or Schedules.

9. The DEBTOR also failed to disclose in his Statement of Financial Affairs multiple lawsuits and garnishments pending against him, bank accounts, storage unit and other items ("OMISSIONS").

## COUNT I

## (11 U.S.C. § 727(a)(2))

10. The TRUSTEE repeats and realleges averments 1 through 9 of her complaint as if set forth fully herein.

11. Section 727(a)(2) of the Bankruptcy Code provides that the court shall grant a debtor a discharge, unless "the debtor, with intent to hinder, delay or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated or concealed –

(A) property of the debtor, within one year before the date of the filing of the petition;

(B) property of the estate, after the date of the filing of the petition.

12. The DEBTOR concealed the existence of the STOCK, which was property of the estate, and permitted it to be transferred after the date of the filing of the Bankruptcy Case.

13. The DEBTOR concealed the existence of his interest in CAMPERS, either within 1 year before filing or after the date of filing of the petition.

14. The DEBTOR concealed the STOCK and CAMPERS with the intent to hinder, delay or defraud a creditor of the estate.

WHEREFORE, the TRUSTEE respectfully prays that:

A. The Court enter an order denying a discharge to the DEBTOR pursuant to 11 U.S.C. § 727(a)(2); and

B. The Court grant such other and further relief as it may deem appropriate.

## COUNT II

### (11 U.S.C. § 727(a)(4))

15. The TRUSTEE repeats and realleges averments 1 through 9 of her complaint as if set forth fully herein.

16. Section 727(a)(4) of the Bankruptcy Code provides that the court shall grant a debtor a discharge, unless "the debtor knowingly and fraudulently, in or in connection with the case . . . made a false oath or account." 11 U.S.C. § 727(a)(4).

17. The DEBTOR made multiple false statements in his filed Statement of Financial Affairs and Schedules filed in this case, as evidenced by his failure to identify his interest in the STOCK and CAMPERS, and other OMISSIONS.

18. The DEBTOR knew the statements were false.

19. The DEBTOR in making multiple false statements in his filed Statement of Financial Affairs and Schedules acted with sufficient fraudulent intent evidencing a reckless disregard for the truth. *See Stamat v. Neary,* 635 F.3d 974, 982 (7th Cir. 2011).

20. The statements are material as they bear a relationship to the DEBTOR's transactions and disposition of the DEBTOR's property. *See Stamat,* 635 F.3d at 982-83.

WHEREFORE, the TRUSTEE respectfully prays that:

A. The Court enter an order denying a discharge to the DEBTOR pursuant to 11 U.S.C. § 727(a)(4); and

B. The Court grant such other and further relief as it may deem appropriate.

PLAINTIFF, JEANA K. REINBOLD SOLELY AS CHAPTER 7 TRUSTEE OF THE ESTATE OF RICHARD M. MCCLINTOCK

Dated: January 26, 2023

/s/ Jeana K. Reinbold
By: Jeana K. Reinbold
P.O. Box 7315
Springfield, IL 62791-7315
(217) 241-5629